IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 7, 2014

## RONALD E. BOYKIN v. JERRY LESTER, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 6680     Joseph H. Walker, III, Judge**

**No. W2013-01699-CCA-R3-HC  - Filed April 8, 2014**

The petitioner, Ronald E. Boykin, appeals the Lauderdale County Circuit Court's denial of his petition for writ of habeas corpus, arguing that his judgments for sexual battery by an authority figure are void because he never agreed to a hybrid plea and was not informed that he would be subject to community supervision for life.  He further argues that the condition of lifetime community supervision is in direct contravention of a statute and is, therefore, illegal.  Following our review, we affirm the judgment of the habeas court denying the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and ROGER A. PAGE, JJ., joined.

Ronald E. Boykin, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Lacy Wilber, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

On February 2, 2010, the petitioner pled guilty in the Davidson County Criminal Court to Counts 1, 23, 57, and 59 of an indictment, which consisted of four counts of sexual battery by an authority figure, a Class C felony, in exchange for concurrent terms of fifteen years for each count and the dismissal of the other counts of the indictment.  On the judgment forms, both the "standard" and "career" "offender status" boxes are checked, along with the "standard 30%" " release eligibility" boxes.  All three of the special conditions boxes at the

bottom of the form are checked, including the one that states, "Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration." In the box at the bottom of the forms there is also the handwritten notation, "Defendant is subject to all attending statutory requirements upon release. All other c[oun]ts dismissed. St[ate] v. Hicks plea." On September 24, 2010, an amended judgment was apparently entered for Count 1, in which the check mark beside the career offender box was removed.

On July 12, 2013, the petitioner filed a petition for writ of habeas corpus, arguing that his convictions and sentences were void because, among other things: (1) the lifetime community supervision requirement was in direct contravention of the statute, which does not require lifetime community supervision for the offense of sexual battery by an authority figure; (2) he received ineffective assistance of counsel due to counsel's failure to inform him of the lifetime community supervision requirement of the pleas; (3) his guilty pleas were unknowing and involuntary because he never agreed to be sentenced as a career offender and was not informed by trial counsel or the trial court of the lifetime community supervision requirement; and (4) the judgments reflecting a fifteen-year sentence as a career offender with a standard release eligibility of 30% contradict the statute that requires 60% release eligibility for a career offender.

On July 15, 2013, the habeas court entered an order dismissing the petition on the basis that the petitioner failed to demonstrate any grounds for habeas corpus relief. The court noted, among other things, that the petitioner failed to include a transcript of the guilty plea hearing and that the court, therefore, had no means of knowing whether the check marks beside the lifetime community supervision boxes were merely clerical errors, for which the petitioner could seek corrected judgments from the convicting court. Thereafter, the petitioner filed a timely notice of appeal to this court.

## ANALYSIS

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Furthermore, when a "habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. Id. at 255; Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the habeas court's findings and conclusions. Id.

We conclude that the habeas court's summary dismissal of the petition was proper. First, the petitioner's allegations of involuntary and unknowing guilty pleas and ineffective assistance of counsel are not cognizable claims for habeas corpus relief. See Summers, 212 S.W.3d at 259; Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Second, the issues of offender range and release eligibility are non-jurisdictional and, therefore, subject to plea bargaining. See McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000). As such, the petitioner's having received a hybrid, plea-bargained sentence of fifteen years, the maximum "career" offender sentence for a Class C felony, combined with a "standard" 30% release eligibility, does not render his sentence illegal. Finally, our supreme court has made it clear that to sustain a successful habeas corpus challenge based on an illegal sentence claim, a petitioner must attach sufficient documentation to his petition for writ of habeas corpus to establish the illegality. See Summers, 212 S.W.3d at 261 ("In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions."). As the habeas court noted, the petitioner failed to include the transcript of his guilty plea hearing. We, thus, have no way to determine whether the lifetime community supervision was part of his guilty pleas or was merely a clerical mistake on the judgment forms, which may be corrected by the trial court through the entry of corrected judgments. See Tenn. R. Crim. P. 36. We, therefore, conclude that the petitioner has not shown that he is entitled to habeas corpus relief.

## CONCLUSION

Because the petitioner failed to state a cognizable claim for habeas corpus relief, we affirm the summary dismissal of the petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE